

APR 25 2025 AM 11:59
FILED - USDC - BPT - CT

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Connecticut Financial Center*      *(203) 821-3700*
*157 Church Street, 25th Floor*      *Fax (203) 773-5376*
*New Haven, Connecticut 06510*       *www.justice.gov/usao/ct*

April 25, 2025

Carly Levenson
Assistant Federal Defender
Federal Defender Office
265 Church Street, Suite 702
New Haven, CT 06510

Re:    *United States v. Canyon Beasley*
       Case No. ~~3:24mj-00851 (RMS)~~
       3:25-cr-72 (SFR)

Dear Attorney Levenson:

This letter confirms the plea agreement between your client Canyon Beasley (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, Mr. Beasley agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1).

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly received material that contained child pornography, as defined in 18 U.S.C. § 2256(8);

2. That such material had been received using any means or facility of interstate or foreign commerce or had been mailed, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

3. The defendant knew that the material contained child pornography.

## THE PENALTIES

### Imprisonment

This offense carries a mandatory minimum penalty of 5 years of imprisonment and a maximum penalty of 20 years of imprisonment. 18 U.S.C. § 2252A(b)(1).

### Supervised Release

In addition, the Court must impose a term of supervised release of at least five years and as much as life to begin after any term of imprisonment. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to two years per revocation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than five years of imprisonment. 18 U.S.C. § 3583(k).

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release.

### Fine

Under 18 U.S.C. § 3571, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense or twice the gross loss resulting from the offense, whichever is greater; or (2) $250,000.

### Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment on or before the date of sentencing unless he establishes an inability to pay on or before the date of sentencing through the financial disclosure to the U.S. Probation Office as part of the presentence investigation and report, in which case the defendant agrees to pay it as soon as practicable.

### Additional Assessments

The defendant understands that he is subject to additional assessments under 18 U.S.C. § 2259A(a), which will be used to fund the Child Pornography Victims Reserve. *See* 18 U.S.C. § 2259B.

Pursuant to 18 U.S.C. § 2259A(a)(2), the Court may impose an assessment of up to $35,000 for the count of conviction.

The defendant understands that in determining the assessment amount to impose under 18 U.S.C. § 2259A(a), the Court shall consider the factors set forth in sections 3553(a) and 3572. The assessment is payable immediately unless otherwise ordered by the Court. The defendant understands that any money received from the defendant shall be disbursed so that each of the following financial obligations is paid in full in the following sequence: (1) a special assessment under section 3013; (2) restitution to victims of any child pornography production or trafficking offense that the defendant committed; (3) an assessment under 18 U.S.C. § 2259A(a); (4) other orders under any other section of Title 18 of the United States Code; and (5) all other fines, penalties, costs, and other payments required under the sentence.

The defendant further is obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000, unless the Court finds that the defendant is indigent. The defendant reserves the right to argue that he is indigent, and the Government reserves its right to argue at sentencing that he is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based.

<u>Restitution</u>

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), that restitution is payable to all victims of the defendant's criminal and relevant conduct, including that described in the attached stipulation of offense conduct, and not merely victims of the counts to which the defendant agrees to plead guilty. The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2259 including any mandatory minimum amounts of restitution under § 2259(b)(2).

The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

The defendant agrees to make such restitution as ordered by the court.

<u>Interest, penalties and fines</u>

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (i) and

*Carly Levenson, Esq.*
*Page 4 of 17*

§ 3612(g). The defendant reserves the right to request that the Court waive interest and penalties as permitted by statute, and the Government reserves the right to oppose any such request. The forgoing interest, penalty, and fine provisions also apply to any assessments the Court imposes under 18 U.S.C. § 2259A.

<u>Forfeiture</u>

Pursuant to 18 U.S.C. § 2253(a), the defendant agrees to forfeit his interest in the following: one Silver Apple MacBook, one Black Portable Samsung SSD, one Black Transcend USB, one iPad, one White iPhone, One Gold iPhone, and one Black iPhone (the "Devices"), which were seized from the defendant on or about September 26, 2024.

The defendant acknowledges that the Devices are subject to forfeiture as property used to commit or to promote the commission of illegal conduct giving rise to forfeiture.

The defendant agrees to waive all interests in the Devices in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of an order of forfeiture for the Devices and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in these cases and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure or forfeiture of the Devices covered by this agreement. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

## **THE SENTENCING GUIDELINES**

<u>Applicability</u>

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guidelines determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his

sentence or the Guidelines application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

<u>Acceptance of Responsibility</u>

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. §2G2.2(a)(2) is 22.

Five levels are added under §2G2.2(b)(3)(C) because the defendant knowingly distributed child pornography to a minor. Five levels are added pursuant to §2G2.2(b)(5) because the defendant engaged in a pattern of activity involving the sexual abuse or sexual exploitation of a minor. Two levels are added under §2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. Five levels are added pursuant to §2G2.2(b)(7)(D) because the defendant possessed over 600 images. The foregoing calculation results in a total offense level of 39.

Because of the cross reference under §2G2.2(c), the parties agree that §2G2.1 applies because the defendant's offense level under §2G2.1 is higher than the defendant's offense level under §2G2.2. The defendant's base offense level under §2G2.1(a) is 32. Two levels are added under §2G2.1(b)(1)(B) because the offense involved a minor who had attained the age of 12 years but not attained the age of 16 years. Two more levels are added under §2G2.1(b)(2)(A) because the offense involved the commission of a sexual act. Two more levels are added under §2G2.1(b)(3) because the defendant knowingly engaged in distribution. Two levels are added pursuant to §2G2.1(b)(6)(B)(i)-(ii) because for the purpose of producing sexually explicit material or for the purpose of transmitting such material live, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct, or solicit participation with a minor in sexually explicit conduct. The foregoing calculation results in a total offense level of 40.

The Government believes that two levels are added pursuant to §3C1.1 because the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct. Three levels are subtracted under U.S.S.G. §3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 39.

The defendant reserves the right to object to the application of the §3C1.1 Guidelines enhancement. Accordingly the defendant believes that the defendant's total offense level is 37.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. Similarly, the parties agree that, based on an initial assessment, the defendant does not qualify for a two-level reduction for "certain zero-point offenders" under U.S.S.G. §

4C1.1, because the instant offense of conviction is a sex offense. U.S.S.G. § 4C1.1(5) and 4C1.1(b)(2). The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Under the Government's calculation, a total offense level of 39, assuming placement in Criminal History Category I, would result in a Guidelines range of 262 to 327 months (sentencing table), 60 months of which are mandatory, and a fine range of $50,000 to $500,000. U.S.S.G. § 5E1.2(c)(3). After consideration of the statutory maximums, under this calculation, the advisory guideline range will be 240 months' imprisonment and a fine of $50,000 to $250,000.

Under the defendant's Guidelines calculation, a total offense level of 37, assuming placement in Criminal History Category I, would result in a Guidelines range of 210 to 262 months (sentencing table), 60 months of which are mandatory, and a fine range of $40,000 to $400,000. U.S.S.G. § 5E1.2(c)(3). After consideration of the statutory maximums, under this calculation, the advisory guideline range will be 210 to 240 months' imprisonment and a fine of $40,000 to $250,000.

Under both the Government and defendant's calculation, the defendant is subject to a supervised release term of five years to life. U.S.S.G. § 5D1.2(b)(2).

In consideration of the benefits offered in this agreement, including the Government's agreement not to pursue an indictment for Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a), and Enticement of a minor to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 2422(b) based on the conduct set forth in the Stipulation of Offense Conduct, the defendant agrees not to seek a term of imprisonment of less than 120 months.

The defendant reserves the right to argue that a fine is not appropriate in this case, and the Government reserves the right to argue that a fine is appropriate in this case.

The defendant is also charged in Connecticut Superior Court, Docket No. MMX-CR-24-0248798-T, with state offenses including sexual assault in the second degree, enticement of a minor by computer, and illegal sexual contact deriving from his sexual abuse of the minor as described in the stipulation of offense conduct. The defendant reserves his right to request that the sentenced imposed in this case be ordered to run concurrently with the sentence imposed in that Connecticut Superior Court case, and the Government agrees to defer to the Court on that request.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement or if the Court orders that his sentence run consecutively to any sentence imposed in Connecticut Superior Court.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate

calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The parties reserve their right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Discovery

The defendant acknowledges that the Government may not have yet produced any or all discovery material, including but not limited to discovery under the Jencks Act, 18 U.S.C. § 3500,

the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), or the Local Rules of Criminal Procedure, Standing Order on Discovery. The attorneys for the Government are not aware of any information that, in their view, would establish the defendant's factual innocence of the crimes to which the defendant is pleading guilty. However, the attorneys for the Government do not warrant that they have reviewed all material in their possession, or that their assessment of the exculpatory nature of information known to them would be the same as that of the defendant or his counsel. Nonetheless, the defendant acknowledges that (1) he has accepted this Agreement and decided to plead guilty because he is in fact guilty and seeks no further discovery or disclosures of information, and (2) in reaching that decision, he has not relied upon any representations concerning the Government attorneys' assessment of information. On that basis, the defendant waives any and all right to withdraw his plea or attack his conviction, either on direct appeal or collateral attack, on the ground that the Government has not produced any discovery material beyond what already has been produced as of the date of this Agreement. The Government nevertheless will produce, in advance of sentencing, additional material specifically requested by the defendant in connection with any sentencing issue, to the extent that the requested material is in the Government's possession.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following the defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims the defendant might raise, the defendant waives the right to challenge the conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances, the defendant is entitled to challenge his sentence. In consideration for the benefits offered under this agreement, including the opportunity to plea to the offense of receipt of child pornography with a maximum sentence of 20 years, rather than the more significant maximum penalties applicable under 18 U.S.C. § 2422(b)

(enticement of a minor to engage in illegal sexual conduct) and/or 18 U.S.C. § 2251(a) (sexual exploitation of children), the defendant agrees not to appeal or collaterally attack the sentence in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, if that sentence does not exceed 240 months of imprisonment, a life term of supervised release, a $100 special assessment, $40,000 in additional assessments, a $250,000 fine, restitution, and forfeiture of the Devices, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the defendant will not challenge any condition of supervised release imposed by the Court for which he had notice and an opportunity to object. Moreover, the Government will not appeal a sentence imposed within the stipulated sentencing range. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because the defendant is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and the defendant (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which the defendant is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which the defendant has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and, in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which the defendant is licensed, or with which the defendant does business, as well as any current or future employer of the fact of his conviction.

## SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where the defendant resides; where the defendant is an employee; and where the defendant is a student. The defendant understands that the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. If the defendant resides in Connecticut following release from prison, the defendant will be subject to the registration requirements of Conn. Gen. Stat. §§ 54-250, *et seq*. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment. The defendant also must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce.

The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of the defendant's participation in enticement, accessing, viewing, and receiving child pornography, and production of child pornography which forms the basis of the information in this case, as well as the conduct set forth in the attached stipulation of offense conduct and relevant conduct.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw the guilty plea.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

MARC H. SILVERMAN
ACTING UNITED STATES ATTORNEY

CHRISTOPHER J. LEMBO
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____          4/25/25
CANYON BEASLEY                            Date
The Defendant

I have thoroughly read, reviewed, and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____          4/25/25
CARLY LEVENSON                            Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to the Information:

Beginning in January 2023, the defendant, who was living in Oregon, began communicating with the Minor Victim (YOB 2010) who was residing in the District of Connecticut. The defendant communicated with the Minor Victim primarily through text message and Snapchat. At some point in August of 2023, the defendant learned that the Minor Victim was 13 years old.

Beginning in July of 2023, the defendant began requesting sexually explicit images and videos from the Minor Victim that constitute child pornography. The Minor Victim sent images and videos depicting child pornography to the defendant through Snapchat at the defendant's request. Throughout the relevant time period, the defendant possessed numerous sexually explicit photos and videos depicting the Minor Victim, including visual depictions that depicted the lascivious display of the Minor Victim's genitals and using an object to penetrate her vagina. At least four of the images and videos depict the defendant engaging in sexual intercourse with the Minor Victim.

On June 12, 2024, the defendant traveled from his home in Oregon to Connecticut to meet the Minor Victim. The defendant engaged in genital-to-genital sexual intercourse with the Minor Victim and recorded it using his phone. The defendant sent the videos that he recorded to the Minor Victim on two different occasions. In June 2024, the defendant became aware that the Federal Bureau of Investigation was notified of his contact with the Minor Victim.

The defendant used the following electronic devices to commit or to promote the commission the offense: one Silver Apple MacBook, one Black Portable Samsung SSD, one Black Transcend USB, one iPad, one White iPhone, One Gold iPhone, and one Black iPhone (the "Devices"), which were seized from the defendant on or about September 26, 2024.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

| | |
|---|---|
| CANYON BEASLEY | CHRISTOPHER J. LEMBO |
| The Defendant | ASSISTANT UNITED STATES ATTORNEY |

CARLY LEVENSON, ESQ.
Attorney for the Defendant

## RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq.) and any state sex offender registration agency, in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

2.      The defendant shall participate in mental health treatment, with an emphasis on sex offender treatment, as approved by the United States Probation Office, and shall abide by the policies and procedures of the program, which may include polygraph testing. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.

3.      The defendant shall submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

4.      The defendant shall not view, purchase, or possess any materials (including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games) depicting child pornography as defined in 18 U.S.C. § 2256(8).

5.      The defendant shall not have direct contact or knowingly communicate (including by telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means) with any child the defendant knows or reasonably should know to be under the age of 18, without permission of the probation officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children or relatives.

6.      If the Court orders restitution or a fine, the defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements.

7.      The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

8.      The defendant shall not associate or have contact with anyone he knows or reasonably should know to be a convicted sex offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

9.      The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the probation officer.

10.      The defendant shall submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

11.      The defendant shall submit all computers (as defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.

12.      The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(A). The defendant shall pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant shall not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

13.      To ensure compliance with the preceding monitoring condition, the defendant shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant shall allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.

14.      If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may, with the Court's approval, require the defendant to notify the person or organization about the risk and the defendant must comply with that instruction. The probation officer may contact the person or organization and confirm that the defendant has notified the person about the risk.

*Carly Levenson, Esq.*
*Page 16 of 17*

     15.    The defendant shall consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.

*Carly Levenson, Esq.*
*Page 17 of 17*

<u>RIDER CONCERNING RESTITUTION</u>

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)     medical services relating to physical, psychiatric, or psychological care;

(B)     physical and occupational therapy or rehabilitation;

(C)     necessary transportation, temporary housing, and child care expenses;

(D)     lost income;

(E)     reasonable attorneys' fees, as well as other costs incurred; and

(F)     any other relevant losses incurred by the victim.

The defendant understands that, pursuant to 18 U.S.C. § 2259(a)(2), the defendant must pay a mandatory minimum amount of restitution of $3,000 per victim of trafficking in child pornography, as defined in section 2259(c)(3) unless the victim has demonstrated losses of less than $3,000 or the victim already has recovered all of his or her demonstrated losses.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution also may result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court also may order that the defendant give notice to any identifiable victim(s) of the offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.