UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                              Case No. 3:25-cr-00072-SFR

CANYON BEASLEY                        November 10, 2025

## <u>REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM</u>

Mr. Canyon Beasley submits this reply to respond to several points in the government's sentencing memorandum (Doc. #61, hereinafter "Gov't Mem."). By limiting his reply to these points, Mr. Beasley does not waive any of the arguments raised in his initial sentencing memorandum. Mr. Beasley also attaches a letter to the Court from his grandmother Beverly Beasley as Exhibit X; defense counsel received this letter after the sentencing memorandum was filed.

First, the government acknowledges that Canyon never engaged in violence with MV, *see* Gov't Mem. at 11, but notes that "their messages contained numerous references to murder and violence." *Id.* Some of the text messages are attached to the government's sentencing memorandum as Exhibit 1. *See* Doc. #61-1. The messages between Canyon and MV are disturbing to read. For Canyon, reading those messages now is mortifying. At the time, he engaged in graphic messaging frequently with MV while alone in his dorm room, usually drunk or high, and further disinhibited by being online rather than in person.[1] The violent messages reflect a role-playing sexual fantasy that took place exclusively within the confines of their online relationship, which formed amidst a perfect storm of isolation, drug abuse, depression, and latching on to the instant companionship he felt with

---

[1] *See, e.g.*, Suler J. The online disinhibition effect. Cyberpsychol Behav. 2004 Jun;7(3):321-6, available at https://johnsuler.com/article_pdfs/online_dis_effect.pdf.

MV. Canyon sometimes parroted things he had seen or heard in pornography. Some of their messages, not included in the government's exhibit, suggest that MV was emulating what she had experienced in other relationships. There is no indication that Canyon ever wanted to physically hurt MV, or to otherwise act out the violent, controlling things he wrote. When Canyon traveled to Connecticut, he and MV did have sex, but it did not resemble the kind of sex that was graphically discussed in their text messages. They did not act out any of the violence they discussed; he did not threaten her; he did not "flush [her] birth control." There is no indication that Canyon has ever engaged in violence with anyone, or even expressed these ideas with anyone else, outside of the singular online relationship with MV.

The parties agree that a Guidelines sentence would be greater than necessary in this case. The government requests a 168-month sentence. Under the parsimony clause, if a lower sentence will serve the purposes of sentencing as effectively as a higher sentence, the Court must choose the lower sentence. *United States v. Ministro-Tapia*, 470 F.3d 137, 142 (2d Cir. 2006). Here, it is unclear why an additional four years are necessary to serve any of the purposes of sentencing. The government focuses on general deterrence and protection of the public. With respect to general deterrence, the government argues that "a sentence of 168 months of imprisonment in this case sends a clear message to deter other would-be offenders from engaging in similar conduct." Gov't Mem. at 14. But a sentence of 120 months (followed by sex offender registration and a lengthy period of supervision) sends an equally clear message. Even assuming general deterrence works, it seems doubtful that a "would-be offender" would be willing to risk ten years in prison, but not fourteen.

Nor is a 168-month sentence necessary to protect the public from Canyon Beasley. Canyon made horrible decisions as a 19- to 21-year-old college student, but he is highly unlikely to reoffend in the future. He is not a pedophile and, in fact, has no "deviant sexual preferences." *See* Def. Mem.

2

at 14. He received images that constituted child pornography from MV, but did not otherwise possess child pornography. He never distributed the images or videos to others. He has attained sobriety, excelled in treatment, and fully complied with his strict conditions of release. Because of the state sentence, he is already going to prison for at least ten years. When he is released (around age 30 or later), he will be closely monitored throughout his period of federal supervised release. An additional four years in prison is not needed to protect the public.

Nor is a 168-month sentence necessary to reflect the seriousness of the offense or provide just punishment. Canyon acknowledges the seriousness of the offense, both in his memorandum and in his letter to the Court. The state has imposed a ten-year sentence for his sexual contact with MV, which was the most egregious part of Canyon's conduct. The receipt of child pornography does not merit a longer sentence, particularly because there is one victim, he never shared the images with anyone beyond MV, and there are other highly punitive aspects to the sentence that reflect the seriousness of the offense, including sex offender registration and the sex offender conditions of supervised release.

Respectfully Submitted,

THE DEFENDANT,
Canyon Beasley

FEDERAL DEFENDER OFFICE

Date:  November 10, 2025

*/s/ Carly Levenson*
Carly Levenson
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: phv09665
Email: carly_levenson@fd.org

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 10, 2025, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Carly Levenson*
Carly Levenson