UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | JUDGMENT IN A CRIMINAL CASE |
| ) | |
| v.  ) | Case Number: **3:25-CR-00072-SFR(1)** |
| ) | USM Number: 38323-511 |
| **CANYON BEASLEY** ) | |
| ) | **Christopher Lembo** |
| ) | Assistant United States Attorney |
| ) | |
| ) | **Carly Levenson** |
| ) | Defendant's Attorney |

United States District Court
District of Connecticut
FILED AT NEW HAVEN
Nov. 20, 2025
Dinah Milton Kinney, Clerk
By_____
Deputy Clerk

**THE DEFENDANT:** plead guilty to Count(s) 1 of an Information.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| Title 18, United States Code, §§ 2252A(a)(2) and (b)(1) | Receipt of Child Pornography | 09/26/2024 | 1 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 7 years.

**SUPERVISED RELEASE**

Upon release from federal and state imprisonment, the defendant shall be on supervised release for a term of 5 years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. 16901, et seq) and any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.
2. The defendant shall participate in sex offender treatment, as approved by the United States Probation Office, and shall abide by the policies and procedures of the program, which may include polygraph testing. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the Probation Office.
3. The defendant shall submit to periodic polygraph testing at the discretion of the Probation Office as a means to ensure that the defendant is in compliance with the requirements of his supervision following the completion of a sex offender treatment program. The defendant shall pay all or a portion of the costs associated with testing based upon the defendant's ability to pay as determined by the Probation Office.

DEFENDANT: CANYON BEASLEY
CASE NUMBER: 3:25-CR-00072-SFR(01)

4. The defendant shall not view, purchase, or possess any materials (including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games) depicting child pornography as defined in 18 U.S.C. § 2256(8).
5. The defendant shall not have direct contact or knowingly communicate (including by telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means) with any child the defendant knows or reasonably should know to be under the age of 18, without permission of the Probation Officer. The U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children or relatives.
6. If the Court orders restitution or a fine, the defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills, and credit card statements.
7. The defendant shall avoid and is prohibited from being in any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.
8. The defendant shall not associate or have contact with anyone he knows or reasonably should know to be a convicted se offender, or those identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.
9. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the Probation Officer.
10. The defendant shall submit his person, residence, office, and vehicle to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.
11. The defendant shall submit all computers (as defined in 18 U..S.C. §1030 (e)(1), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled, or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant must warn any other users of such items that the items may be subject to searches pursuant to this condition.
12. The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled, or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. §2256(A). The defendant shall pay all or a portion of the costs associated with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant shall not download, install, or utilize any application software, or hardware that will prevent the U.S. Probation Office from, monitoring such electronic devices. This includes, but is not limited to encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.
13. To ensure compliance with the preceding monitoring condition, the defendant shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant shall allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet//Wi-Fi connection.
14. If the probation officer determines that the defendant poses a risk to another person (including an organization), the Probation Office may, with the Court's approval, require the defendant to notify, the person or organization about the risk and the defendant must comply with that instruction The Probation Office may contact the person or organization and confirm that the defendant has notified the person/organization about the risk.
15. The defendant shall consent to third-party disclosure to any employer or potential employer with the Court's approval, and community service site, or other interested party, as determined by the Probation Office, of any computer-related restrictions that are imposed.
16. The defendant shall participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. The defendant must follow the rules and

DEFENDANT: CANYON BEASLEY
CASE NUMBER: 3:25-CR-00072-SFR(01)

regulations of that program. The Probation Office will supervise the defendant's participation in the program. The defendant must pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

17. The defendant shall participate in a program recommended by the Probation Office and approved by the Court for mental health treatment. The defendant must follow the rules and regulations of that program. The Probation Office, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant shall pay all or a portion of costs associated with treatment based on his ability to pay as recommended by the Probation Office and approved by the Court.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 |
| **Fine:** | Waived |
| **Restitution:** | TBD |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The Court makes the following recommendations to the Bureau of Prisons:

The defendant be afforded participation in the RDAP program, and that he be designated to FCI Sheridan.

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than noon. on 1/28/2026 under his/her own power and at his/her own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service by noon on 1/28/2026.

DEFENDANT: CANYON BEASLEY
CASE NUMBER: 3:25-CR-00072-SFR(01)

November 18, 2025

Date of Imposition of Judgment

/s/ Sarah F. Russell

Signature of Judge

**SARAH F. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

Name and Title of Judge

11/20/2025

Date

DEFENDANT: CANYON BEASLEY
CASE NUMBER: 3:25-CR-00072-SFR(01)

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following Mandatory Conditions are imposed as set forth by U.S.S.G. §5D1.3(a):

### MANDATORY CONDITIONS
(select all that apply)

(1) ■ You shall not commit another federal, state or local offense (see 18 U.S.C. § 3583(d)).

(2) ■ You shall not unlawfully possess a controlled substance (see 18 U.S.C. § 3583(d)).

(3) ☐ You shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of your legal residence (see 18 U.S.C. § 3583(d)).

(4) ■ You shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter, as determined by the court, for use of a controlled substance.

　　☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse (see 18 U.S.C. § 3583(d)).

(5) ☐ If a fine is imposed and has not been paid upon release to supervised release, you shall adhere to an installment schedule to pay that fine (see 18 U.S.C. § 3624(e)).

(6) ■ You shall ■ (A) make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A, or any other statute authorizing a sentence of restitution; and ■ (B) pay the assessment imposed in accordance with 18 U.S.C. § 3013. If there is a court-established payment schedule for making restitution or paying the assessment (see 18 U.S.C. § 3572(d)), you shall adhere to the schedule.

(7) ■ You shall comply with the requirements of the Sex Offender Registration and Notification Act (see 18 U.S.C. § 3583(d)).

(8) ■ You shall submit to the collection of a DNA sample at the direction of the United States Probation Office if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (34 U.S.C. § 40702).

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You shall report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you to report to the probation officer, and you shall report to the probation officer as instructed.
(3) You shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You shall answer truthfully the questions asked by your probation officer.
(5) You shall live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You shall allow the probation officer to visit you at any time at your home or elsewhere, and you shall permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you shall try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you shall notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you shall notify the probation officer within 72 hours.
(10) You shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

DEFENDANT: CANYON BEASLEY
CASE NUMBER: 3:25-CR-00072-SFR(01)

(11) You shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You shall follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         Defendant                            Date

         _____    _____
         U.S. Probation Officer/Designated Witness    Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

                                        By  _____
                                            Deputy Marshal